**John Milford MAYS, Appellant,**

**v.**

**DEPARTMENT FOR HUMAN RE-
SOURCES, Commonwealth of Ken-
tucky; Gladys Alberta Webb Mays;
John Jones, Jr.; Robert John Wright;
John M. Webb; and Four Named In-
fants, Appellees.**

Court of Appeals of Kentucky.

July 8, 1983.*

Patricia R. Rabits, Lexington, for appellant.

Paul F. Fauri, Gen. Counsel, Lucy B. Richardson, Staff Atty., Cabinet for Human Resources, Frankfort, James W. Gardner, Lexington, for appellees.

Before HAYES, C.J., and COOPER and McDONALD, JJ.

HAYES, Chief Judge:

This case involves the involuntary termination of parental rights of John Mays to his four minor children on the basis of abuse and neglect. Our examination of the briefs of counsel and the record below convinces us that the determination of the trial judge is entirely proper and we therefore affirm the judgment of the circuit court.

The trial judge outlined in great length the factual basis upon which he rested his determination that "the evidence is clear and convincing that the four subject children have been abandoned by Defendant, Gladys Mays [not a party to the appeal], and have been substantially or continuously or repeatedly neglected or abused by the Defendant, John Mays." Among the factors set out in the opinion is appellant's history of incarceration extending up to the present with the earliest possibility of release occurring in 1988. This latest period of incarceration relates to appellant's incarceration for first-degree wanton endangerment having fired a pistol in the direction

---

* This case was originally designated "Not to be Published." On Aug. 19, 1983 the Supreme Court ordered it published.

of one of the children. The trial judge also considered evidence of emotional and psychological disturbance in the children due to appellant's erratic behavior and use of inappropriate force in dealing with them.

In this appeal appellant argues it was error to deny him trial by jury and in giving undue weight to the testimony of the children themselves. We are convinced there is no merit to either allegation. As to the right of trial by jury, a proceeding to terminate parental rights is a creature of statute for which the right to a jury trial was not prescribed by legislation. In fact, KRS 199.603 specifically dictates that the hearing be private. There is no entitlement to trial by jury where no such right existed at common law. *Kentucky Com'n. on Human Rights v. Frazer,* Ky., 625 S.W.2d 852 (1981). We must therefore conclude that the proceeding below did not deprive appellant of the constitutional right to trial by jury.

Furthermore, we find absolutely no indication that the trial judge erred in considering the testimony of appellant's children. The opinion of the trial judge clearly shows that he considered many factors in concluding that the statutory requirements for termination had been satisfied. We find no basis for disturbing his findings.

The judgment of the Fayette Circuit Court is affirmed.

All concur.