Ryan POMEROY, Appellant

v.

COMMONWEALTH of Kentucky, Appellee

NO. 2015–CA–001487–MR

Court of Appeals of Kentucky.

DECEMBER 22, 2016; 10:00 A.M.

---

BRIEFS FOR APPELLANT: Molly Mattingly, Assistant Public Advocate, Dept. of Public Advocacy, Frankfort, Kentucky

BRIEF FOR APPELLEE: Andy Beshear, Attorney General of Kentucky, Jeffrey R. Prather, Assistant Attorney General, Frankfort, Kentucky

BEFORE: KRAMER, CHIEF JUDGE; NICKELL AND THOMPSON, JUDGES.

## OPINION

THOMPSON, JUDGE:

Ryan Pomeroy was charged with first-degree possession of a controlled substance and possession of drug paraphernalia for acts committed on December 21, 2014. He filed a motion to dismiss the indictment on the basis of Kentucky Revised Statutes (KRS) 218A.133(2), effective March 25, 2015, which provides that a person shall not be charged with or prosecuted for possession of a controlled substance or possession of drug paraphernalia when medical attention is required to assist with a drug overdose. The trial court denied the motion ruling that KRS 218A.133(2) could not be retroactively applied.

Pomeroy entered a conditional guilty plea to the charges reserving his right to appeal and was sentenced to one year imprisonment. Because the provisions of KRS 218A.133(2) are procedural and not substantive changes to statutory law, we hold that the law can be applied retroactively and reverse.

On December 21, 2014, police officer M. Marksbury responded to a call regarding Pomeroy's possible drug overdose. Upon arrival, the homeowner gave Marksbury a syringe. Marksbury also observed a spoon with white residue and burn marks on the bottom and located a substance he believed to be heroin. A second syringe was found under Pomeroy's body. Pomeroy was transported to the hospital and treated.

Three months after Pomeroy's crimes, 2015 Kentucky Legislature Regular Session Senate Bill 192 was signed creating a new section of KRS 218A. That section, KRS 218A.133(2), states:

A person shall not be charged with or prosecuted for a criminal offense prohibiting the possession of a controlled substance or the possession of drug paraphernalia if:

(a) In good faith, medical assistance with a drug overdose is sought from a public safety answering point, emergency medical services, a law enforcement officer, or a health practitioner because the person:

1. Requests emergency medical assistance for himself or herself or another person;

2. Acts in concert with another person who requests emergency medical assistance; or

3. Appears to be in need of emergency medical assistance and is the individual for whom the request was made;

(b) The person remains with, or is, the individual who appears to be experiencing a drug overdose until the requested assistance is provided; and

(c) The evidence for the charge or prosecution is obtained as a result of the drug overdose and the need for medical assistance.

The sole issue presented is whether Pomeroy can benefit from the provisions of KRS 218A.133(2) when his crimes were committed prior to its effective date. There is no dispute that under the facts, if applicable, the statute would preclude the charges against Pomeroy. Our result depends on the legal question of whether the statute can be applied retroactively.

Prior to the enactment of KRS 446.110, "the repeal of a statute describing a criminal offense precluded prosecution for outstanding violations of the statute which had occurred prior to repeal." *Rodgers v. Commonwealth*, 285 S.W.3d 740, 750 (Ky. 2009). However, the legislature changed the common law when it enacted KRS 446.110 which provides:

No new law shall be construed to repeal a former law as to any offense committed against a former law, nor as to any act done, or penalty, forfeiture or punishment incurred, or any right accrued or claim arising under the former law, or in any way whatever to affect any such offense or act so committed or done, or any penalty, forfeiture or punishment so incurred, or any right accrued or claim arising before the new law takes effect, except that the proceedings thereafter had shall conform, so far as practicable, to the laws in force at the time of such proceedings. If any penalty, forfeiture or punishment is mitigated by any provision of the new law, such provision may, by the consent of the party affected, be applied to any judgment pronounced after the new law takes effect.

Under current Kentucky law, "unless the General Assembly unmistakably intends otherwise, substantive changes to criminal statutes will not be retroactively applied and 'offenses committed against the statute before its repeal, may thereafter be prosecuted, and the penalties incurred may be enforced.'" *Rodgers*, 285 S.W.3d at 751 (quoting *Lawson v. Commonwealth*, 53 S.W.3d 534, 550 (Ky. 2001)). Substantive changes are those that "change and redefine the out-of-court rights, obligations and duties of persons in their transactions with others[.]" *Commonwealth of Kentucky Dep't of Agric. v. Vinson*, 30 S.W.3d 162, 168 (Ky. 2000).

However, KRS 446.110 does not preclude the retroactive application of all amendments or changes to statutory law. Procedural laws, those applying to in-court procedures and remedies for use in pending litigation, are retroactive. *Rodgers*, 285 S.W.3d at 751. Likewise provisions relating to punishment, "such as those creating terms of imprisonment, periods of probation or parole, fines, or forfeitures—*may* be retroactively applied if the defendant 'specifically consents to the application of the new law which is 'certainly' or 'definitely' mitigating.'" *Rodgers*, 285 S.W.3d at 751 (quoting *Lawson*, 53 S.W.3d at 550).

Pomeroy argues that KRS 218A.133(2) should be retroactive because it provides both procedural changes and changes to penalty provisions. He argues that the new statute is procedural in the sense that it provides him a procedural mechanism to have the indictment dismissed and mitigat-

ing in the sense that he cannot be subjected to criminal punishment.

*Rodgers* is instructive. The Court addressed whether the 2006 extensive amendments to the self-defense provisions of KRS Chapter 503 including those to KRS 503.055(4) (creating a presumption that a person who unlawfully and by force enters a dwelling, residence or occupies a vehicle does so with the intent to commit an unlawful act using force or violence); KRS 503.055(1) (creating a presumption that a person encountering an intruder reasonably fears death or great bodily injury); and provisions providing that the right to use force, including deadly force, in self-defense of self or others is not contingent upon a duty to retreat. *Rodgers*, 285 S.W.3d at 750. The Court ruled that those provisions, which altered the circumstances constituting self-defense and creating certain presumptions altering the burden of proof in self-defense cases, were changes to the substantive law. Finding no contrary direction by the General Assembly, the Court held those provisions could not be applied retroactively to Rodgers's alleged crime committed before the effective date of the amendments but before the date of his trial. *Id.* at 751.

The Court also rejected Rodgers's argument that the 2006 amendments mitigated the potential punishment because the amendments regarding the circumstances constituting self-defense and the presumptions created, increased the possibility of acquittal or conviction of a lesser offense. The Court reasoned that to accept his argument would nullify KRS 446.110:

> That statute is not needed to prevent the retroactive application of amendments creating new or expanded offenses, because the Ex Post Facto Clause of the Constitution accomplishes that. And under Rodgers's construction the savings statute's rule against retroactivity would have no effect on amendments repealing or narrowing offenses either, leaving the statute with no effect at all.

*Id.* at 752. Furthermore, the Court reasoned," [i]f one remains subject to prosecution for the pre-repeal violation of a repealed criminal statute, then one must also remain subject to the pre-amendment version of a statute amended to strengthen a defense." *Id.*

While the Court rejected Rodgers's argument for retroactive application of the entire scheme of the 2006 amendments to the self-defense laws, it held that KRS 503.085, granting immunity to those who justifiably use self-defense, was retroactive. In concluding that the immunity afforded by the statute was a new procedural bar to prosecution, the Court reasoned:

> At least in cases such as this one, that do not involve a peace officer, the immunity provision does not constitute substantive law; it has nothing to do with who is entitled to use self-defense or under what circumstances self-defense is justified. It is, rather, purely procedural, and by prohibiting prosecution of one who has justifiably defended himself, his property or others, it in effect creates a new exception to the general rule that trial courts may not dismiss indictments prior to trial. By declaring that one who is justified in using force "is immune from criminal prosecution," and by defining "criminal prosecution" to include "arresting, detaining in custody, and charging or prosecuting the defendant," the General Assembly has made unmistakably clear its intent to create a true immunity, not simply a defense to criminal charges. This aspect of the new law is meant to provide not merely a defense against liability, but protection

against the burdens of prosecution and trial as well. With KRS 503.085, the General Assembly has created a new procedural bar to prosecution, and that bar, like other procedural statutes, is to be applied retroactively.

*Id.* at 753 (footnote omitted).

█ The same reasoning is applicable to Pomeroy's argument for the retroactive application of KRS 218A.133(2). The fact that the controlled substances and drug paraphernalia were found while the officer was responding to a call for medical assistance for Pomeroy's drug overdose is not a defense to the charges but precludes prosecution on the charges. The statute creates "a new exception to the general rule that trial courts may not dismiss indictments prior to trial." *Id.* at 753. By stating that "[a] person shall not be charged with or prosecuted for a criminal offense prohibiting the possession of a controlled substance or the possession of drug paraphernalia[,]" KRS 218A.133(2), the General Assembly created an immunity from prosecution. It is a "new procedural bar to prosecution" and one that applies retroactively. *Rodgers*, 285 S.W.3d at 753.

Based on the foregoing, the judgment convicting Pomeroy is reversed and the case remanded with instruction to dismiss the indictments for possession of a controlled substance and possession of drug paraphernalia.

ALL CONCUR.