RENDERED: MAY 6, 2022; 10:00 A.M.
TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2021-CA-0873-MR

COMMONWEALTH OF KENTUCKY        APPELLANT

v.        APPEAL FROM JEFFERSON CIRCUIT COURT
HONORABLE BARRY WILLETT, JUDGE
ACTION NO. 21-CR-000186

PARADISE BURKHEAD        APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: CLAYTON, CHIEF JUDGE; COMBS AND GOODWINE, JUDGES.

GOODWINE, JUDGE: The Jefferson District Court Juvenile Division transferred Paradise Burkhead's ("Burkhead") case to Jefferson Circuit Court under the then-existing versions of the transfer statutes. After the statutes were amended and her case was still pending, Burkhead moved to return her indictment back to district court to conduct a new transfer hearing. The circuit court granted her motion. After careful review, finding no error, we affirm.

On November 21, 2020, while walking around Louisville, Burkhead and others allegedly committed a series of offenses. One of the individuals carried a gun. First, the group attacked an individual on the sidewalk near Boone's Convenience Store. Then, they walked to the area of Sixth Street and River Road where Rocky Seibert was shot and killed by one of the individuals. It is not alleged that Burkhead fired the gun or ever had possession of it.

On December 18, 2020, a juvenile petition was filed against Burkhead in Jefferson District Court. On December 21, 2020, the district court held a hearing to determine whether the charges against Burkhead should be transferred to circuit court for prosecution as an adult under KRS[1] 635.020(4) or a youthful offender under KRS 640.010(2). The district court heard testimony and rigorous cross-examination from Louisville Metro Police Detective Russell Lassiter, and the court found:

> [Burkhead] ran away from home in [the] middle of the night/snuck out and engaged [with] a group that fired a gun repeatedly, then attacked another individual on video and then allegedly committed the murder of another all in one night.

Record ("R.") at 4. Based on these facts, the district court found probable cause to transfer the charges against Burkhead to the circuit court under the then-existing version of KRS 635.020(4).

---

[1] Kentucky Revised Statutes.

On January 25, 2021, Burkhead was indicted by a Jefferson County grand jury and charged with complicity to commit murder[2] and fourth-degree assault.[3] Burkhead was arraigned on February 1, 2021 and entered a plea of not guilty.

On March 4, 2021, Burkhead filed a motion to return her case to juvenile court alleging there was "exculpatory evidence which, if heard by the juvenile judge, would have resulted in a finding of no probable cause on the charge of Murder[,]" and because there was pending legislation which would amend the provision of KRS 635.020(4) and KRS 640.010 for transfer of charges against a youthful offender from juvenile to circuit court. R. at 36-37. On April 6, 2021, the Commonwealth responded in opposition to Burkhead's motion.

On July 9, 2021, the circuit court entered an order granting Burkhead's motion. The circuit court found, "returning the indictment against Ms. Burkhead back to district court for the purpose of conducting another transfer hearing is the most appropriate action to take in light of the recent amendment to KRS 635.020(4)." R. at 106. Although "the district court [did] not appear to have erred in any way in transferring Ms. Burkhead under the version of KRS 635.020(4) that was in effect at the time of her transfer," the circuit court remanded

---

[2] KRS 507.020, KRS 502.020 (capital offense).

[3] KRS 508.030, KRS 502.020 (Class A misdemeanor).

-3-

the indictment because the district court would have to consider different factors if it were asked to determine whether transfer was appropriate under the amended versions of KRS 635.020(4) and KRS 640.010. R. at 106-07. The Commonwealth appealed and filed a motion for immediate relief, which this Court granted.

On appeal, the Commonwealth argues, despite the procedural nature of the amendments to KRS 635.020(4) and KRS 640.010, the circuit court erred in remanding the indictment against Burkhead to juvenile court for a second transfer hearing because: (1) the district court properly transferred Burkhead's case to circuit court under the statutes that existed at the time of her transfer; (2) the circuit court was not divested of jurisdiction due to the amendment of the transfer provisions; and (3) KRS 446.110 does not require remand to juvenile court for application of the amended statutes under the circumstances of this case.

We must determine whether the 2021 amendments to KRS 635.020(4) and KRS 640.010 apply retroactively to an ongoing case in which transfer from juvenile court to circuit court occurred before the statutory amendments became effective. This is a question of law, which we review *de novo*. *Hamilton-Smith v. Commonwealth*, 285 S.W.3d 307, 308 (Ky. App. 2009).

KRS 446.110 governs the retroactive application of criminal statutes:

No new law shall be construed to repeal a former law as to any offense committed against a former law, nor as to any act done, or penalty, forfeiture or punishment incurred, or any right accrued or claim arising under the

-4-

former law, or in any way whatever to affect any such offense or act so committed or done, or any penalty, forfeiture or punishment so incurred, or any right accrued or claim arising before the new law takes effect, except that the proceedings thereafter had shall conform, so far as practicable, to the laws in force at the time of such proceedings. If any penalty, forfeiture or punishment is mitigated by any provision of the new law, such provision may, by the consent of the party affected, be applied to any judgment pronounced after the new law takes effect.

Whether a statute applies retroactively depends on whether the change is substantive, procedural, or remedial. *Rodgers v. Commonwealth*, 285 S.W.3d 740, 751 (Ky. 2009). First, "[s]ubstantive amendments are those 'which change and redefine the out-of-court rights, obligations and duties of persons in their transactions with others.'" *Id.* (quoting *Commonwealth of Kentucky Department of Agriculture v. Vinson*, 30 S.W.3d 162, 168 (Ky. 2000)). Second, "procedural amendments – '[t]hose amendments which apply to the in-court procedures and remedies which are used in handling pending litigation' . . . – *are* to be retroactively applied . . . so that the proceedings 'shall conform, so far as practicable, to the laws in force at the time of such proceedings.'" *Id.* Third, changes to "penalty provisions – provisions pertaining to punishment, such as those creating terms of imprisonment, periods of probation or parole, fines, or forfeitures – *may* be retroactively applied if the defendant 'specifically consents to the application of the new law which is "certainly" or "definitely" mitigating.'" *Id.*

(citations omitted).

Here, the Commonwealth agrees the amendments to the statutes in question are procedural, but they should only apply to cases still pending in juvenile court. The Commonwealth argues the "proceedings" ended when Burkhead's transfer from juvenile court was fully adjudicated. However, the Commonwealth cites no law in support of its position.

Whether Burkhead is entitled to a new transfer hearing with retroactive application of the applicable statutes depends on the definition of "proceedings." We reviewed Kentucky law and found no statute or case law explicitly defining this term. In interpreting a statute, we "use the plain meaning of the words used in the statute." *Perdue v. Commonwealth*, 411 S.W.3d 786, 790 (Ky. App. 2013) (citations omitted). Black's Law Dictionary defines "proceeding" as follows:

> **1.** The regular and orderly progression of a lawsuit, including all acts and events between the time of commencement and the entry of judgment. **2.** Any procedural means for seeking redress from a tribunal or agency. **3.** An act or step that is part of a larger action. **4.** The business conducted by a court or other official body; a hearing. **5.** *Bankruptcy*. A particular dispute or matter arising within a pending case – as opposed to the case as a whole.
>
>> "'Proceeding' is a word much used to express the business done in courts. A proceeding in court is an act done by the authority or direction of the court, express or implied. It is more

comprehensive than the word 'action,' but it may include in its general sense all the steps taken or measures adopted in the prosecution or defense of an action, including the pleadings and judgment. As applied to actions, the term 'proceeding' may include – (1) the institution of the action; (2) the appearance of the defendant; (3) all ancillary or provisional steps, such as arrest, attachment of property, garnishment, injunction, writ of *ne exeat*; (4) the pleadings; (5) the taking of testimony before trial; (6) all motions made in the action; (7) the trial; (8) the judgment; (9) the execution; (10) proceedings supplementary to execution, in code practice; (11) the taking of the appeal or writ of error; (12) the *remittitur*, or sending back of the record to the lower court from the appellate or reviewing court; (13) the enforcement of the judgment, or a new trial, as may be directed by the court of last resort." Edwin E. Bryant, *The Law of Pleading Under the Codes of Civil Procedure* 3-4 (2d ed. 1899).

*Proceeding*, BLACK'S LAW DICTIONARY (11th ed. 2019).

Additionally, in the *Rodgers* discussion of retroactive application of "procedural amendments," the Kentucky Supreme Court stated such amendments apply retroactively "in handling pending litigation." *Rodgers*, 285 S.W.3d at 751. Based on the Black's Law Dictionary definition of "proceedings" and the discussion of "procedural amendments" in *Rodgers*, we discern the plain meaning of "proceedings" under KRS 446.110 means amended statutes apply retroactively in any case with no final decision on the merits.

In addition to giving plain meaning to the language in a statute, we must also interpret according to "legislative intent." *Commonwealth v. Plowman*, 86 S.W.3d 47, 49 (Ky. 2002). KRS 600.010 expressly states the legislative intent of the Kentucky Unified Juvenile Code codified in KRS Chapters 600 to 645. In pertinent part, KRS 600.010 states, "The Commonwealth shall direct its efforts to promoting protection of children." KRS 600.010(2)(a). Additionally, the legislature specifically describes the intent for KRS Chapters 635 and 640:

> (e) KRS Chapter 635 shall be interpreted to promote the best interests of the child through providing treatment and sanctions to reduce recidivism and assist in making the child a productive citizen by involving the family, as appropriate, and by advancing the principles of personal responsibility, accountability, and reformation, while maintaining public safety, and seeking restitution and reparation;
>
> (f) KRS Chapter 640 shall be interpreted to promote public safety and the concept that every child be held accountable for his or her conduct through the use of restitution, reparation, and sanctions, in an effort to rehabilitate delinquent youth[.]

KRS 600.010(2).

The legislature's express intent is to rehabilitate and reform delinquent youth. As Burkhead argues, the legislature amended the transfer process to carry out this intent.

Here, the plain language of KRS 446.110 and the express legislative intent for KRS Chapters 635 and 640 support the circuit court's decision to remand

-8-

Burkhead's case to juvenile court for a new transfer hearing. Although the district court properly transferred Burkhead's case to circuit court under the previous versions of the applicable statute, the proceedings against her are ongoing as she has not yet been convicted or acquitted under the indictment. Therefore, we hold Burkhead is entitled to a new transfer hearing retroactively applying the amended versions KRS 635.020(4) and KRS 640.010.

For the foregoing reasons, we affirm the judgment of the Jefferson Circuit Court.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Daniel Cameron
Attorney General of Kentucky

Jason B. Moore
Special Assistant Attorney General
Louisville, Kentucky

BRIEF FOR APPELLEE:

Rob Eggert
Louisville, Kentucky