**Martha DIXON, Appellant,**

v.

**John A. COWLES, Appellee.**

Court of Appeals of Kentucky.

Aug. 26, 1977.

Rehearing Denied March 17, 1978.

Edwin L. Cohen, Cohen & Cohen, Louisville, for appellant.

Kenneth L. Anderson, Woodward, Hobson & Fulton, Louisville, for appellee.

Before MARTIN, C. J., and HOGGE and VANCE, JJ.

VANCE, Judge:

This case requires an interpretation of certain sections of the Motor Vehicle Reparations Act, KRS 304.39-010—304.39-340. The facts are not in dispute. The issue is whether one who is a passenger in an uninsured automobile, but who does not own, operate or maintain a motor vehicle in this state, is barred by KRS 304.39-060 from asserting tort liability for injuries received in an automobile accident. The trial court held the action is barred. We reverse.

It is undisputed that appellant, while riding as a passenger in an automobile operated by her husband, was injured as a result of a collision between her husband's automobile and an automobile operated by appellee.

Neither appellant nor her husband maintained an insurance contract providing basic reparation benefits and consequently appellant was not a "basic reparation insured" as that term is defined in KRS 304.39-020.

Appellant did not own or maintain an automobile in this Commonwealth. She did not have an operators license and was not an operator at the time of the accident.

All persons who register, operate, maintain or use a motor vehicle on the public roadways of this Commonwealth are deemed to have accepted the provisions of the act. KRS 304.39-060(1). The constitutionality of the act was upheld in *Fann v. McGuffey*, Ky., 534 S.W.2d 770 (1975).

Tort liability with respect to accidents occurring in this Commonwealth arising from the ownership, maintenance or use of a motor vehicle is abolished, with certain exceptions not material in this case, for damages because of bodily injury to the extent that basic reparation benefits provided by the act are payable therefor. KRS 304.39-060(2)(a & b). KRS 304.39-060(2)(c) provides that:

> Tort liability is not so limited for injury to a person who is not an owner, operator, maintainer or *user* of a motor vehicle within subsection (1) of this section, nor for an injury to the passenger of a motorcycle arising out of the maintenance or use of such motorcycle.

Because appellant was admittedly not an owner, operator or maintainer of a motor vehicle, it follows, pursuant to KRS 304.39-060(2)(c), that her right to sue was not limited unless she was a *user* of a motor vehicle. The term "user" is defined in KRS 304.39-020(14) to mean a person who is a basic reparation insured or who would be a basic reparation insured if such person had not rejected the limitations upon his tort rights as provided by the statute.

A "basic reparation insured" is a person identified by name as an insured in a contract of basic reparation insurance and certain other persons, including spouses of the named insured not identified by name in any other insurance contract, provided they reside in the same household with the named insured. KRS 304.39-020(3).

Appellant was not a "basic reparations insured" and therefore was not a "user" as those terms are defined in the statute. Appellee contends that non-compliance with the terms of the statute should not allow one to abrogate the rights of others who have complied with it. Admittedly, if appellant's husband had complied with the statute, appellant would have been a "user" as defined and her right to sue in this case rests upon the fact that her husband did not obtain insurance upon his vehicle as required by statute.

Nevertheless, when the general assembly finds it advisable to define a term as it is used in a statute, the term should be given that meaning when it is used and this is true even though it may on occasion produce an anomalous result.

The limitations of tort liability was considered in *Fann v. McGuffey*, Ky., 534 S.W.2d 770 (1975) in the following language appearing on page 774 of the opinion:

This limitation upon recovery for pain, suffering, mental anguish and "inconvenience" does not apply if the plaintiff was not an "owner, operator, maintainer or user" of an automobile. . . . In this special respect, one who "uses" an automobile (e. g., a passenger) is not a "user" unless he is a named insured in a policy with BRB coverage or is covered as a member of the named insured's household.

We consider *Fann v. McGuffey, supra,* as dispositive of the issue on this appeal.

The judgment is reversed for further proceedings consistent with this opinion.

All concur.