Melvin Lee ATCHISON, Appellant,

v.

Kenneth Wayne OVERCAST, Appellee.

Court of Appeals of Kentucky.

Dec. 2, 1977.

Discretionary Review Denied
April 25, 1978.

Nat Ryan Hughes, Hughes, Gregory & Haverstock, Murray, for appellant.

Wm. Donald Overby, Overby, Overby & Overby, Murray, for appellee.

Before COOPER, HAYES and HOWERTON, JJ.

HAYES, Judge.

The parties to this appeal have stipulated the following facts:

(a) Kenneth Wayne Overcast, owns and operates an uninsured automobile.

(b) On September 2, 1975, in Murray, Kentucky, he was riding in an automobile owned and operated by his father-in-law who also was uninsured.

(c) Melvin Lee Atchison owned and operated an insured automobile which struck the rear of the automobile Overcast was a passenger in, thereby injuring Overcast.

(d) Neither Overcast nor his father-in-law had rejected the limitations of his tort rights and liabilities as prescribed by KRS 304.39–010–304.39–340.

(e) The sum total of all Overcast's bills did not total $1,000.00 and there were no injuries sustained that would prevent the operation of the "no-fault" statute.

Overcast sued Atchison who plead the "no-fault" statute as a defense. The trial court sustained Overcast's motion to strike this defense, and entered judgment for Overcast. Atchison appeals. The issue is whether Overcast is barred from bringing his common law tort action by reason of the "no-fault" statute.

In view of the decision rendered by this court in *Dixon v. Cowles,* Ky.App., 562 S.W.2d 639, 24 Ky.L.Summ. 12 (August 26, 1977), we must state that Overcast is subject to the "no fault" statute and may not bring a claim against the appellant Atchison.

Although the facts are not the same, because in *Dixon* the passenger did not own an automobile, the reasoning applied in the *Dixon* case would also apply here. Judge Vance in *Dixon* hinted that if Dixon had owned, operated, maintained or used an auto then the "no-fault" statute would come into play. It would make no difference whether that owned automobile would be insured or not when considering the "no-fault" statute.

KRS 304.39–030(1) states:

If the accident causing injury occurs in this Commonwealth every person suffering loss from injury arising out of maintenance or use of a motor vehicle has a right to basic reparation benefits, unless he has rejected the limitation upon his tort rights as provided in KRS 304.39–060(4).

KRS 304.39–060(1) states:

Any person who *registers, operates, maintains* or *uses* a motor vehicle on the public roadways of this Commonwealth shall, as a condition of such registration, operation, maintenance or use of such motor vehicle and use of the public roadways, be deemed to have accepted the provisions of this subtitle . . ..

The plain intent of the above language is that all persons owning an automobile, whether insured or not, are subject to the limitations of "no-fault", unless the owner actually rejects the limitation of his tort rights and liabilities under KRS 304.39–060(1), which requires the rejections to be in writing.

It being stipulated that Overcast had not rejected the limitations of his tort rights and liabilities, therefore he comes under the provisions of KRS 304.39–060(1) and (2)(b) and since it was stipulated his loss was less than $1,000.00 with no permanent injuries or broken bones, he was precluded from bringing suit against appellant.

The judgment is reversed with directions to dismiss the complaint.

All concur.