Patrick Michael LAWRENCE, by his
next friend, Hoyt Kenneth
Lawrence, Jr., Appellant,

v.

Charles RISEN, Appellee.

Court of Appeals of Kentucky.

April 18, 1980.

David M. Cantor, Carol A. Kunk, Joe Golden, Louisville, for appellant.

John G. Crutchfield, Louisville, for appellee.

Before WHITE, VANCE and WINTER-SHEIMER, JJ.

WHITE, Judge.

This appeal is taken from a summary judgment by which the Jefferson Circuit Court determined that appellant's claim was barred by Kentucky's Motor Vehicle Reparations Act ("No Fault"), KRS 304, Subtitle 39.

In June 1977 Lawrence was struck by an automobile driven by Risen, who subsequently failed to stop to render aid. At the time Lawrence was fifteen years old and a

passenger on another's bicycle. Although his injuries and associated expenses were insufficient to fulfill threshold requirements and thus to preclude application of No Fault coverage, Lawrence alleges that the Act under the present set of facts is inapplicable to him, or in the alternative, that it is unconstitutional. We disagree and in doing so affirm the Jefferson Circuit Court.

■ Summary judgments are issued when it is apparent that there are no material issues of fact, thereby entitling one party to judgment as a matter of law. In seeking such the movant shifts the burden to the opposing party to submit supportive information indicating that there are material factual issues; more is required than merely relying upon the assertions included in the pleadings.

In Lawrence's response to the motion for summary judgment, he attempted to establish that No Fault was inapplicable in that he had neither accepted nor rejected its limitations. Further, it was observed that at the time of the accident he was bicycling rather than using, maintaining, or riding in an automobile; consequently, it was argued that he could not be considered to have been a "user" as required for the statutory inclusion.

We feel that neither of these arguments has merit. No Fault was enacted by the General Assembly in 1975 to expedite recovery for those involved in automobile accidents without regard to negligence. Its provisions extend to all registrants, operators, maintainers, and users of motor vehicles on the roadways of Kentucky; however, each affected person is given under KRS 304.39–020 the option of rejecting the restrictions upon his traditional tort liability and recovery. With no rejection on file with the Department of Insurance, acceptance is deemed automatically applicable. For one under a legal disability rejection may be filed by his natural parent or legal guardian within six months of the date the statute becomes applicable to him.

■ It was not denied that a rejection had not been filed on behalf of young Lawrence; therefore, under the terms of KRS 304.39–060(4) he is considered to have made affirmative acceptance of the program.

The definition of "user" was amended in 1978 to include any "person who resides in a household in which any person owns or maintains a motor vehicle." Under the prior law which was in effect at the time of the 1977 accident, a "user" was considered to be one who either was a basic reparation insured or would have been but for the fact that he had rejected No Fault coverage. Under this definition uninsured motorists would be *non* users, thereby exempt from the Motor Vehicles Reparations Act. *See Dixon v. Cowles*, Ky., 562 S.W.2d 639 (1978).

■ In examining the fact situation at hand, it is clear that having not rejected No Fault, young Lawrence falls within its aegis unless it can be shown that he was not a user under the pre-1978 definition. The issue of whether his parents were uninsured motorists was raised in appellee's memo in support of the motion for summary judgment. Appellant's failure to have responded to this required the Jefferson Circuit Court to make its determination based upon the facts presented. Having rejected the opportunity clearly to establish that he was a nonuser by virtue of his parents' being uninsured motorists, appellant is not now to be heard to suggest that a material issue of fact existed concerning the question of "user."

Appellant further argues that a material issue of fact exists concerning appellee's leaving the scene of the accident. It is suggested that this is a cause separate from any No Fault claim which would arise from the circumstances of the impact itself and should therefore not be disposed of through the summary judgment.

■ In response, it is first to be noted that although a claim of $50,000 was sought relating to punitive damages for failure to render assistance, nothing was presented to indicate that there was the basis for a compensatory action on this issue. It was not

shown in what manner or to what extent Lawrence's injuries were enhanced by Risen's departure. Without a factual allegation of actual compensatory damages, punitive recoveries cannot be sustained. It has long been held that "[t]he correct rule . . . is that if a right of action exists—that is, if the plaintiff has suffered an injury *for which compensatory damages might be awarded*, although nominal in amount—he may in a proper case recover punitive damages." *Louisville & N. R. Co. v. Ritchel*, 148 Ky. 701, 147 S.W. 411, 414 (1912). (Emphasis added.) Appellant failed to assert any claim on which actual damages could be awarded and is thus precluded from seeking exemplary ones on this issue.

■ Secondly, and more importantly, the argument that appellee's failure to stop to render assistance is a separate claim for relief was not presented to the court below but rather appears for the first time at the appellate level. The Court of Appeals is one of review and is not to be approached as a second opportunity to be heard as a trial court. An issue not timely raised before the circuit court cannot be considered as a new argument before this Court.

Appellant has attacked the constitutionality of the Act but we feel that is disposed of by reference to *Fann v. McGuffey*, Ky., 534 S.W.2d 770 (1975).

The complete record from the Jefferson Circuit Court having been reviewed, we affirm the judgment of that court in granting the motion for summary judgment in appellee's favor.

The judgment is affirmed.

WINTERSHEIMER, J., concurs.

VANCE, J., dissents.

VANCE, Judge, dissenting.

I believe there are issues of fact which preclude entry of a summary judgment. The majority opinion states that in seeking a summary judgment the movant shifts the burden to the opposing party to submit supportive information that material factual issues exist. I believe the duty to "go forward" arises only when the moving party has made a prima facie case that no factual issue exists by affidavit or other evidence. The motion for summary judgment does not, in itself, require the party opposing the motion to do anything.

In this case it is admitted that the father of the injured infant had not rejected no-fault insurance provisions. The issue is whether this bars an action on behalf of the infant to recover for his injuries. The majority opinion holds that because no rejection of no-fault was made on behalf of the infant the action is barred as a matter of law. That position would be correct if KRS 304.39–060(2)(a) is applicable to this infant. That section abolishes tort liability to the extent basic reparations are payable, but KRS 304.39–060(2)(a) preserves the right to maintain an action for one who is not an owner, operator, maintainer or user of a motor vehicle.

The majority holds that the issue of whether the parents of the infant were uninsured motorists was raised in a memorandum in support of the summary judgment and appellant's failure to respond to the issue by establishing that the infant was a nonuser is sufficient to sustain the summary judgment. In my opinion the appellants had no duty to establish that the infant was a nonuser until appellee presented at least a prima facie case that no question of fact existed but that he was a user. Simply raising this point in a memorandum does not rise to the dignity of a prima facie showing.

If the infant was a user then the question arises as to when he became a user because under KRS 304.39–060(4) the parent had the right to reject no-fault at any time within six months of the date that the act became applicable to the infant; to-wit, when he became a user.

Finally an issue is raised as to the constitutionality of the act as it applies to this infant. *Fann v. McGuffey*, Ky., 534 S.W.2d 770 (1975), sustained the constitutionality of the act insofar as it related to the right of a parent to subject an infant to the provisions of the act by a failure to reject no-fault, but

in doing so it clearly based its decision upon the fact that it was the infant's use of the highway, not the waiver by the parent, which brought the child within the provisions of the act. The Court stated:

> The argument that a parent waives his child's right to sue by failing to exercise the right of rejection for him misses the point that it is the child's act in using an automobile, or the parent's act in causing or permitting him to do so, that subjects him to the limitations imposed by the no-fault law. . . . *Fann v. McGuffey, supra*, at 778.

The provisions of the act are deemed to have been accepted not by use of the highways as a pedestrian, but by the registration, operation, maintenance or use of a "motor vehicle" upon the highways. I do not find that appellee made a prima facie case that the infant had ever used a "motor vehicle" upon the highways of this state, or registered, operated or maintained one. Until that fact is established prima facie, I do not see how appellee could be entitled to summary judgment.