**Susan A. RAISOR, Appellant**

v.

**Larry A. RAISOR, Appellee.**

**No. 2006–CA–001935–MR.**

Court of Appeals of Kentucky.

Jan. 18, 2008.

Patricia L. Guthrie, Louisville, KY, for appellant.

Richard J. Head, Louisville, KY, for appellee.

Before DIXON, STUMBO, and WINE, Judges.

## OPINION

DIXON, Judge.

Susan A. Raisor ("Susan") appeals from an order of the Spencer Circuit Court adopting the Separation and Property Settlement Agreement between Susan and her ex-husband, Larry A. Raisor ("Larry"). We affirm.

Susan and Larry were married on July 29, 1992. The couple had no children together, and Susan filed for divorce on April 4, 2002. A limited decree of dissolution was granted on July 26, 2002, and division of property was reserved.

In February 2006, the parties attended mediation to reach a property settlement agreement. Susan, Larry, and their respective attorneys each initialed the mediator's handwritten notes outlining the settlement. Thereafter, Larry's attorney tendered a formal settlement agreement memorializing the handwritten notes of the mediator, with copies of the mediation notes attached. Susan contested Larry's version of the agreement, and a hearing was held before the Spencer County Domestic Relations Commissioner ("DRC"). The DRC concluded that the agreement tendered by Larry reflected the settlement reached by the parties during mediation and recommended that the trial court accept the agreement. Susan filed exceptions to the DRC's recommendations. The Spencer Circuit Court accepted the DRC's recommendations on August 10, 2006. This appeal followed.

■ Susan first contends that the trial court erred by adopting the settlement agreement tendered by Larry. Specifically, Susan alleges that Larry's tendered settlement agreement cannot be proven as a true recitation of the agreed-upon terms because the handwritten mediation notes are ambiguous and do not constitute a "written separation agreement" as required by Kentucky Revised Statutes 403.180(1).

A review of the record reveals that Susan's current theory is different than her argument to the court below. In her exceptions to the DRC's recommendations, Susan argued:

1. The Court should clarify the Order to provide that the handwritten copy of the Agreement only should be approved as the agreement of the parties.

2. The Court should amend the Order tendered by the Respondent to provide that *the handwritten notes from the parties' mediation are found to be the Settlement Agreement of the parties* and should strike the additional findings and recommendations of the Commissioner which were not the subject of any hearing or evidence presented to the Court and were drafted solely by the Respondent's counsel (emphasis added).

It is clear, in the proceedings below, Susan urged the court to accept the handwritten notes as the parties' entire agreement. Now, on appeal, she contends the notes are ambiguous and lack specificity. Consequently, we decline to further address Susan's claim, as she cannot "feed one can of worms to the trial judge and another to the appellate court." *Kennedy v. Commonwealth,* 544 S.W.2d 219, 222 (Ky.1976).

■ Susan's second argument is likewise unpreserved for our review. She con-

tends the trial court's review was inconclusive because the parties failed to submit financial disclosure statements required by the 53rd Judicial Circuit's local rules. This argument is advanced for the first time on appeal, and we decline to address it. *Lawrence v. Risen,* 598 S.W.2d 474, 476 (Ky.App.1980). "The Court of Appeals is one of review and is not to be approached as a second opportunity to be heard as a trial court." *Id.*

For the reasons stated herein, the order of the Spencer Circuit Court is affirmed.

ALL CONCUR.