RENDERED: APRIL 16, 2021; 10:00 A.M.
TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2019-CA-1007-MR

JOEL D. HOUSE AND MONICA                       APPELLANTS
HOUSE

v.         APPEAL FROM JEFFERSON CIRCUIT COURT
HONORABLE ANN BAILEY SMITH, JUDGE
ACTION NO. 14-CI-400031

DEUTSCHE BANK NATIONAL                    APPELLEE
TRUST, AS TRUSTEE FOR WAMU
SERIES 2007-HE1 TRUST

OPINION
AFFIRMING

** ** ** ** **

BEFORE: CLAYTON, CHIEF JUDGE; TAYLOR AND L. THOMPSON,
JUDGES.

TAYLOR, JUDGE: Joel D. House and Monica House (the Houses) bring this

appeal from a June 19, 2019, Amended Judgment and Order of Sale granting

summary judgment in favor of Deutsche Bank National Trust, as Trustee for

Wamu Series 2007-HE1 Trust, (Deutsche Bank). We affirm.

This is a residential foreclosure action. The primary dispute in this appeal centers upon whether Deutsche Bank can enforce a promissory note where the original note has been lost. The underlying facts of this case are somewhat complex, and we will only recite those facts necessary to resolution of this appeal.

## BACKGROUND

On December 8, 2006, Joel House (Joel) executed a promissory note in the principal amount of $303,000 and made payable to the lender, Washington Mutual Bank (Washington Mutual).[1] The promissory note was secured by a mortgage upon real property located in Louisville, Kentucky (mortgage), owned by the Houses. The mortgage was executed by the Houses on December 8, 2006, in favor of Washington Mutual.[2]

According to Deutsche Bank, the promissory note was thereafter transferred to it by Washington Mutual on December 1, 2007. Upon transfer, Washington Mutual became the loan servicer for Deutsche Bank and retained possession, as agent for Deutsche Bank, of the promissory note. Later, Deutsche Bank obtained the mortgage by an assignment dated May 22, 2008, from Washington Mutual. Under the assignment, Washington Mutual "transfer[red]"

---

[1] We will refer to the December 8, 2006, promissory note as either the promissory note or the lost promissory note throughout this Opinion.

[2] Both Joel David House and his wife, Monica House (the Houses), executed the December 8, 2006, mortgage as collateral for the loan; however, Joel solely executed the December 8, 2006, promissory note.

-2-

and "assign[ed]" a "mortgage dated 12/13/2006 executed and delivered by [the Houses] . . . together with the promissory note."[3] This assignment was recorded with the Jefferson County Clerk on May 30, 2008.

Subsequently, on July 1, 2008, Deutsche Bank and the Houses entered into a Loan Modification Agreement. The Loan Modification Agreement adjusted the principal balance, monthly payment, and interest paid by the Houses. Additionally, the Loan Modification Agreement specifically listed Deutsche Bank as "note holder and mortgagee."

In October 2008, JP Morgan Chase Bank (Chase Bank) acquired all loans and loan commitments from Washington Mutual. It is at this time that the Houses believe Chase Bank was transferred the promissory note from Washington Mutual. Conversely, Deutsche Bank claims that Chase Bank merely became the loan servicer for the promissory note at this time.

Joel apparently was unable to make the monthly payments as required by the promissory note. As a consequence, the Houses executed a Home Affordable Modification Trial Period Plan on September 1, 2009. In the Home

---

[3] The mortgage was actually signed and dated December 8, 2006, and recorded in the Jefferson County Clerk's office on December 13, 2006. The mortgage was assigned to Deutsche Bank National Trust, as Trustee for Wamu Series 2007-HE1 Trust, (Deutsche Bank) by assignment dated May 22, 2008.

Affordable Modification Trial Period Plan, the lender was identified as "JP Morgan Chase Bank, NA, Successor to Washington Mutual Bank."

More than two years later, on June 29, 2012, the Houses and Chase Bank entered into another agreement – the Home Affordable Modification Agreement. Relevant herein, under the Home Affordable Modification Agreement, Chase Bank is identified as the lender or servicer. The agreement was effective July 1, 2012.

On January 9, 2014, Deutsche Bank filed a complaint for foreclosure against the Houses in Jefferson Circuit Court. Therein, Deutsche Bank asserted:

### FIRST CLAIM FOR RELIEF

3. [Deutsche Bank] is entitled to enforce the Note executed by Defendant Joel David House, AKA Joel D. House (hereinafter referred to as "Maker"). . . .

4. The original obligations of the Note have been modified by the parties by a [sic] written agreements (herein after referred to as "Agreements"). . . .

5. Maker has defaulted under the obligations of the Note and Agreements by, among other things, failing to pay the required monthly payments of principal and interest.

6. [Deutsche Bank] has satisfied all conditions precedent and declared the entire debt referenced above due and payable. The current principal amount due is $268,724.07, plus interest on the outstanding principal balance at the variable rate as set forth by the step rate loan modification from July 1, 2013[,] until paid, and the deferred principal amount of $103,348.00, plus late fees,

-4-

costs, attorney's fees, and other advances made pursuant to the terms of the Note and Agreements.

SECOND CLAIM FOR RELIEF

7.  [Deutsche Bank] incorporates the allegations of the First Claim for Relief as if fully set forth herein.

8.  The Mortgage executed by Defendant Joel David House, AKA Joel D. House and Defendant Monica Lynn House, AKA Monica L. House (hereinafter referred to as "Mortgagors") was given to secure payment of the above-described Note. . . .

9.  The Mortgage was recorded December 13, 2006[,] [at] Mortgage Book 10448, Page 0577, Jefferson County, Kentucky records.  Except for real property estate taxes and assessments, the Mortgage constitutes a valid first lien against the real property commonly known as 9415 Rockycreek Lane, Louisville, KY 40299 . . . .

10.  The terms and conditions of the Mortgage have been broken and become absolute, and [Deutsche Bank] has declared the entire balance due and payable.  All conditions precedent to [Deutsche Bank's] ability to enforce the mortgage have been satisfied, and [Deutsche Bank] is entitled to have the property sold.

Complaint at 1-3.  In its complaint, Deutsche Bank sought to enforce the terms of the promissory note and claimed that Joel had defaulted thereunder by failing to make the required monthly payments since August 1, 2013.  Deutsche Bank also alleged that the terms of the mortgage had been breached and sought judicial sale of the real property.

The Houses filed an answer. In the answer, the Houses maintained that Deutsche Bank was not entitled to enforce the promissory note. The Houses claimed that Deutsche Bank failed to produce the original note and, thus, failed to demonstrate that the promissory note had been endorsed to enable Deutsche Bank to seek enforcement thereof. Rather, the Houses believed Chase Bank to be the holder of the promissory note and solely entitled to enforce it.

Deutsche Bank filed a motion for summary judgment and an order of sale. Therein, Deutsche Bank admitted that the original promissory note was not in its possession and was lost. Deutsche Bank claimed it was entitled to enforce the lost promissory note under Kentucky Revised Statutes (KRS) 355.3-309. The Houses responded and argued that Deutsche Bank failed to demonstrate the statutory prerequisites to enforce a lost note pursuant to KRS 355.3-309.

The matter was referred to the master commissioner. In a September 28, 2017, report, the master commissioner recommended that the motion and order of sale be denied. The master commissioner believed that the promissory note was lost and that Deutsche Bank failed to satisfy KRS 355.3-309 in order to enforce the lost promissory note. The master commissioner reasoned:

> The [Houses] claim that [Deutsche Bank] has not established that it has standing to enforce the promissory note and mortgage. [Deutsche Bank] has not produced the original note signed by Mr. House, but has filed the affidavit of Curtis Pulsipher, Senior Vice President of Select Portfolio Servicing, Inc., servicer for [Deutsche

Bank], attesting that the note has been "lost, misfiled, misplaced or destroyed." The affidavit further attests that "upon information and belief, the Noteholder [Deutsche Bank] was the owner of the Note when the loss of possession occurred and was entitled to enforce the Note at that time." Attached to the affidavit is a copy of the note signed by Mr. House, payable to Washington Mutual Bank and bearing no indorsement or allonge.

The [Houses] contend that in order to enforce the note, [Deutsche Bank] must satisfy the requirements of KRS 355.3-301 by establishing that it is "A person not in possession of the instrument who is entitled to enforce the instrument pursuant to KRS 355.3-309 or KRS 355.3-418(4)." . . .

. . . .

The [Houses] claim that [Deutsche Bank's] affidavit does not comply with the statute. Specifically, as the attached note is not endorsed to [Deutsche Bank], the affidavit fails to prove that the note was negotiated to [Deutsche Bank] or otherwise explain how [Deutsche Bank] may have became a holder of the note. Therefore, [Deutsche Bank] has not established that it was entitled to enforce the note when loss of possession occurred.

Additionally, the [Houses] allege that [Deutsche Bank] failed to establish that its loss of possession of the note was not the result of a transfer. [Deutsche Bank] has submitted a loan modification agreement between the [Houses] and [Deutsche Bank] dated July 1, 2008, and a home affordable modification trial period plan, dated September 1, 2009, between the [Houses] and JPMorgan Chase Bank, NA, successor to Washington Mutual Bank as "Lender." The record also contains the affidavit of Mr. House attesting that he made payments on the note to JPMorgan Chase Bank. All of this suggests that the note may have been transferred from [Deutsche Bank] to JPMorgan Chase Bank.

A motion for summary judgment shifts the burden to the opposing party to submit supportive information establishing that there are material factual issues to be tried by the Court; more is required than relying upon the assertion of the pleadings. *Lawrence v. Risen*, 598 S.W.2d 474 (Ky. App. 1980).

September 28, 2017, Report at 1-3 (footnotes omitted). The circuit court ultimately denied Deutsche Bank's exceptions to the master commissioner's report.

Deutsche Bank subsequently filed another motion for summary judgment and order of sale on January 30, 2019. Deutsche Bank again argued that it was entitled to enforce the lost promissory note under KRS 355.3-309. It pointed to affidavits as evidence that it fulfilled the requirements of KRS 355.3-309. In response, the Houses maintained that Deutsche Bank again failed to meet the requirements of KRS 355.3-309 and was, thus, not entitled to enforce the promissory note.

By an April 12, 2019, report, the master commissioner recommended denying the motion for judgment and order of sale. In relevant part, the master commissioner concluded:

[Deutsche Bank] alleges that the original note cannot be located. Because of this, [Deutsche Bank] submitted a Lost Note Affidavit. However, KRS 355.3-309(2) provides that "[t]he court may not enter judgment in favor of the person seeking enforcement unless it finds that the person required to pay the instrument is

-8-

> adequately protected against loss that might occur by reason of a claim by another person to enforce the instrument. Adequate protection may be provided by reasonable means." Thus, [Deutsche Bank] must provide reasonable adequate protection for Defendant Joel David House against a claim by another person to enforce the instrument. [Deutsche Bank] may do this by filing a motion for the Court to set a bond and tendering a motion therewith.

April 12, 2019, Report at 1-2. Deutsche Bank filed exceptions to the master commissioner's report. Relevant to this appeal, Deutsche Bank alleged that Joel was adequately protected against a third-party seeking to enforce the lost note and cited to language in a Lost Note Affidavit of Curtis Pulsipher that had been filed in the circuit court record in October of 2015.

By report dated May 31, 2019, and filed on June 3, 2019, the master commissioner recommended that Deutsche Bank's motion for summary judgment and order of sale be granted. The master commissioner agreed with Deutsche Bank "that the indemnification language in the Lost Note Affidavit provides reasonable and adequate protection" to the Houses as required by KRS 355.3-309(2). Consequently, the master commissioner concluded that Deutsche Bank was entitled to enforce the lost promissory note under KRS 355.3-309.

The Houses filed exceptions to the June 3, 2019, report, but same were denied by the circuit court by order entered June 19, 2019. In a June 19, 2019, Amended Judgment and Order of Sale, the circuit court granted summary

judgment determining that $438,841.65 was owed upon the promissory note and ordered the Houses' real property subject to the mortgage to be sold by the master commissioner. This appeal follows.

## STANDARD OF REVIEW

To begin, summary judgment is proper where there exists no material issue of fact and movant is entitled to judgment as a matter of law. *Steelvest, Inc. v. Scansteel Service Center, Inc.*, 807 S.W.2d 476, 482 (Ky. 1991). All facts and inferences therefrom are to be viewed in a light most favorable to the nonmoving party. *Id.* If there are no factual issues, a summary judgment looks only to questions of law, whereupon we review a trial court's decision to grant summary judgment *de novo*. *Blackstone Mining Co. v. Travelers Ins. Co.*, 351 S.W.3d 193, 198 (Ky. 2011). Our review shall proceed accordingly.

## ANALYSIS

The Houses argue that the circuit court erroneously rendered summary judgment concluding that Deutsche Bank was entitled to enforce the lost promissory note under KRS 355.3-301 and KRS 355.3-309. For the following reasons, we disagree and conclude that summary judgment was proper.

### I. KRS 355.3-301

Under the Kentucky Uniform Commercial Code, KRS 355.3-301 sets forth who is regarded as a "[p]erson entitled to enforce" an instrument, as follows:

(1) The holder of the instrument;

(2) A nonholder in possession of the instrument who has the rights of a holder; or

(3) A person not in possession of the instrument who is entitled to enforce the instrument pursuant to KRS 355.3-309 or KRS 355.3-418(4). A person may be a person entitled to enforce the instrument even though the person is not the owner of the instrument or is in wrongful possession of the instrument.

As Deutsche Bank admittedly is not in possession of the promissory note, the circuit court concluded that it could enforce the lost promissory note under subsection (3) of KRS 355.3-301. Thereunder, a person not in possession of the instrument may, nonetheless, enforce it if such person meets requirements of KRS 355.3-309 or KRS 355.3-418(4).

## II. KRS 355.3-309

At issue in this case is KRS 355.3-309 – the lost instrument statute. KRS 355.3-309 provides:

(1) A person not in possession of an instrument is entitled to enforce the instrument if:

(a) The person seeking to enforce the instrument:

1. Was entitled to enforce the instrument when loss of possession occurred; or

2. Has directly or indirectly acquired ownership of the instrument from a person who was entitled to enforce the instrument when loss of possession occurred;

(b) The loss of possession was not the result of a transfer by the person or a lawful seizure; and

(c) The person cannot reasonably obtain possession of the instrument because the instrument was destroyed, its whereabouts cannot be determined, or it is in the wrongful possession of an unknown person or a person that cannot be found or is not amenable to service of process.

(2) A person seeking enforcement of an instrument under subsection (1) of this section must prove the terms of the instrument and the person's right to enforce the instrument. If that proof is made, KRS 355.3-308 applies to the case as if the person seeking enforcement had produced the instrument. The court may not enter judgment in favor of the person seeking enforcement unless it finds that the person required to pay the instrument is adequately protected against loss that might occur by reason of a claim by another person to enforce the instrument. Adequate protection may be provided by any reasonable means.

To enforce a lost note under KRS 355.3-309, both Section (1) and Section (2) must be satisfied by the person seeking enforcement thereunder. KRS 355.3-309(1) permits "[a] person not in possession of an instrument" to, nevertheless, enforce that instrument provided subsection (a), (b), and (c) are met. We shall analyze each subsection of KRS 355.3-309(1) *seriatim* and then review Section (2) of KRS 355.3-309.

<u>(i)  KRS 355.3-309(1)(a)</u>

Under KRS 355.3-309(1)(a), a person is entitled to enforce an instrument if such person either "1. Was entitled to enforce the instrument when

loss of possession occurred" or "2. Has directly or indirectly acquired ownership of the instrument from a person who was entitled to enforce the instrument when loss of possession occurred[.]" And, to determine if a person was entitled to enforce the instrument when loss occurred within the meaning of KRS 355.3-309(1)(a)1, we must refer back to KRS 355.3-301. KRS 355.3-301 defines, in relevant part, the term – person entitled to enforce – as either (1) "The holder of the instrument" or (2) "A nonholder in possession of the instrument who has the rights of a holder[.]" We shall initially decide who can be considered a holder of the lost promissory note pursuant to KRS 355.3-301(1).

Under the Kentucky Uniform Commercial Code, a holder is generally "[t]he person in possession of a negotiable instrument that is payable either to bearer or to an identified person that is the person in possession[.]" KRS 355.1-201(2)(u)1; *see also* 4 ROBERT W. KEATS, KY. PRAC. *Methods of Practice* § 5.10 (2020).[4] In turn, for Deutsche Bank to be entitled to enforce the instrument under KRS 355.3-309(1)(a)1, Deutsche Bank must demonstrate that it had obtained possession of the promissory note that was appropriately indorsed by Washington Mutual when loss of possession occurred. KRS 355.3-301(1).

---

[4] A holder in due course of an instrument is defined in Kentucky Revised Statutes (KRS) 355.3-302.

-13-

Under the facts of this case, the promissory note was initially payable to Washington Mutual. Deutsche Bank has not introduced a copy of the promissory note either indorsed in blank or indorsed to Deutsche Bank. In 2018, Deutsche Bank filed a second Lost Note Affidavit signed by Lorena Medina, a document control officer for Select Portfolio Servicing, Inc. (Select Portfolio);[5] Select Portfolio is purportedly the current loan servicer for Deutsche Bank. In the Lost Note Affidavit, Medina stated:

> 5. The loan was transferred to Deutsche Bank National Trust Company, as Trustee, in trust for registered Holders of WaMu Asset-Backed Certificates WaMu Series 2007-HEI Trust, on or about December 1, 2007 ("Deutsche Bank"). Washington Mutual Bank remained the servicer when the loan was transferred to the Trust.

> 6. Washington Mutual Bank endorsed the Note to Deutsche Bank National Trust Company, as Trustee, in trust for registered Holders of WaMu Asset-Backed Certificates WaMu Series 2007-HEI Trust, but retained possession solely as servicer for Deutsche Bank.

Lost Note Affidavit at 2-3. In the above affidavit, Deutsche Bank introduced proof that the promissory note was indorsed specifically to it by Washington Mutual and that it possessed the promissory note, through its agent Washington Mutual, before loss occurred.

---

[5] A copy of the original promissory note executed by Joel D. House is attached to the Lost Note Affidavit filed by Deutsche Bank in 2018.

On the other hand, the Houses filed the affidavit of Joel. In his affidavit, Joel stated:

> 2. I was told by J.P. Morgan/Chase Bank that the note which is [the] subject of the foregoing action was negotiated and transferred to J.P. Morgan/Chase Bank and I was instructed to make, and did make, numerous payments to J.P. Morgan/Chase Bank for the debt, many of which payments, according to my attorney, have been credited in documents produced in this action.

> 3. The amounts claimed by Plaintiff in this action do not match the payments and charges in my calculations of the balance due to the holder of the note I executed.

Joel's Affidavit at 1. Viewing the facts and inferences therefrom most favorable to the Houses, Joel was informed by Chase Bank that the promissory note was "negotiated and transferred" to Chase Bank. A permitted inference from Chase Bank's statement would be that the promissory note was indorsed to Chase Bank, as it was negotiated.[6] If so, Joel's affidavit would be contrary to the Lost Note Affidavit submitted by Medina as the promissory note could not have been both indorsed by Washington Mutual to Deutsche Bank and also indorsed by Washington Mutual to Chase Bank. The Houses believe that Joel's affidavit creates a material issue of fact.

---

[6] It is clear that "negotiation requires transfer of possession of the instrument and its indorsement by the holder." KRS 355.3-201(2).

-15-

In Kentucky, all affidavits are not entitled to equal consideration or equal weight when considering a summary judgment. Particularly, Kentucky Rules of Civil Procedure (CR) 56.05 provides that an affidavit in support of a motion for summary judgment "shall set forth such facts as would be admissible in evidence[.]" An affidavit containing inadmissible hearsay statements is insufficient and cannot be considered on a motion for summary judgment. CR 56.05; *Cadleway Props., Inc., v. Bayview Loan Serv., LLC*, 338 S.W.3d 280, 289 (Ky. App. 2010).

In his affidavit, Joel was relying upon statements made to him by Chase Bank. In this respect, Joel's affidavit is plainly based upon hearsay statements and cannot be considered unless an exception to the hearsay rule is applicable. Kentucky Rules of Evidence (KRE) 801. However, we were neither cited to nor are we aware of an exception to the hearsay rule that would permit admission of the above hearsay statements in Joel's affidavit.[7] On the other hand,

_____

[7] Kentucky Rules of Evidence 801A(c)(2) provides:

(c) Admission by privity:

. . . .

(2) Predecessors in interest. Even though the declarant is available as a witness, when a right, title, or interest in any property or claim asserted by a party to a civil action requires a determination that a right, title, or interest existed in the declarant, evidence of a statement made by the declarant during the time the party now claims the declarant was the holder of the right, title, or interest is not excluded by the hearsay rule

the Lost Note Affidavit by Medina contains no hearsay but rather is based upon her personal knowledge grounded upon a review of Select Portfolio's records.

As Joel's affidavit cannot be considered as it was based upon hearsay, the Lost Note Affidavit is uncontroverted as to the fact that Washington Mutual had indorsed the promissory note to Deutsche Bank and that Deutsche Bank had obtained possession of the promissory note, through its agent, before its loss occurred. Viewing the facts most favorable to the Houses, we conclude that Deutsche Bank constituted a holder of the instrument per KRS 355.3-301(1) and, thus, was entitled to enforce the promissory note when loss of possession occurred per KRS 355.3-309(1)(a)1.

### (ii)  KRS 355.3-309(1)(b)

As Deutsche Bank satisfied KRS 355.3-309(1)(a), our focus now turns to Section (1)(b) of KRS 355.3-309. Under KRS 355.3-309(1)(b), a person not in possession of an instrument may enforce it if "[t]he loss of possession was not the result of a transfer by the person or a lawful seizure[.]"  To satisfy this requirement, Deutsche Bank again points to the Lost Note Affidavit of Medina.

---

when offered against the party if the evidence would be admissible if offered against the declarant in an action involving that right, title, or interest.

Thereunder, "a predecessor in interest['s] [hearsay statements may] be used *against* that predecessor-in-interest's successor." *Melton v. Cross*, 580 S.W.3d 510, 518 (Ky. 2019). Under the facts as set forth by the Houses, JP Morgan Chase Bank would not constitute a predecessor-in-interest to Deutsche Bank because the promissory note is not an interest in property.

Therein, Medina averred that after obtaining the promissory note from Washington Mutual, Washington Mutual served as the loan servicer. Subsequently, according to Medina, Chase Bank became the loan servicer from October 2, 2008, to May 1, 2014; thereafter, Select Portfolio became the loan servicer. Medina stated that "[d]uring the course of the servicing transfer, the original Note was lost and could not be found." Additionally, Medina pointed out that "[t]he loss of the Note was not the result of transfer by Deutsche Bank . . . or a lawful seizure." The Houses have not put forth any contradictory evidence upon this point. Therefore, viewing the facts most favorable to the Houses, Deutsche Bank has demonstrated that the loss of possession of the promissory note was not the result of transfer or lawful seizure under KRS 355.3-309(1)(b).

(iii)  KRS 355.3-309(1)(c)

Because Deutsche Bank has satisfied KRS 355.3-309(1)(a) and (b), we now focus on Section (1)(c) of KRS 355.3-309. Under KRS 355.3-309(1)(c), a person seeking enforcement of a lost instrument must prove that he "cannot reasonably obtain possession of the instrument because" it "was destroyed, its whereabouts cannot be determined, or it is in the wrongful possession of an unknown person or a person that cannot be found or is not amenable to service of process." Turning to the Lost Note Affidavit, Medina stated that Deutsche Bank "cannot reasonably obtain possession of the Note because its whereabouts cannot

-18-

be determined, it was destroyed, or it is in the wrongful possession of an unknown person" or a person that cannot be found or is not amenable to service of process. Medina Lost Note Affidavit at 3. The Houses failed to set forth contradictory facts, beyond mere conjecture. *See Henninger v. Brewster*, 357 S.W.3d 920, 929 (Ky. App. 2012). As such, Deutsche Bank has set forth uncontradicted facts demonstrating that it could not have reasonably obtained possession of the promissory note pursuant to KRS 355.3-309(1)(c).

As set out above, Deutsche Bank has satisfied the statutory requirements of KRS 355.3-309(1); nonetheless, to enforce a lost instrument under KRS 355.3-309, Deutsche Bank must also meet the mandates of Section (2) of KRS 355.3-309.

### (iv)  KRS 355.3-309(2)

KRS 355.3-309(2) reads:

> A person seeking enforcement of an instrument under subsection (1) of this section must prove the terms of the instrument and the person's right to enforce the instrument. If that proof is made, KRS 355.3-308 applies to the case as if the person seeking enforcement had produced the instrument. The court may not enter judgment in favor of the person seeking enforcement unless it finds that the person required to pay the instrument is adequately protected against loss that might occur by reason of a claim by another person to enforce the instrument. Adequate protection may be provided by any reasonable means.

Under KRS 355.3-309(2), the terms of the lost promissory note must be sufficiently demonstrated by the person seeking to enforce the lost note. If such is demonstrated, the court must then find that the promisor/obligor required to pay upon the lost instrument is "adequately protected" for a loss resulting from a possible future claim asserted by a third-party. 4 WILLIAM A. HAWKLAND, FREDERICK H. MILLER AND ALVIN C. HARRELL, *UCC Series – Adequate Protection* § 3-309:6 (2020). KRS 355.3-309(2) is clear that "[a]dequate protection may be provided by any reasonable means."

Here, it is clear that Deutsche Bank has proved the terms of the lost promissory note. And, to meet the requirement that the Houses "are adequately protected," Deutsche Bank filed in 2015 a Lost Note Affidavit of Curtis Pulsipher, Senior Vice-President of Select Portfolio. In the Lost Note Affidavit, Pulsipher averred:

> 2. Upon information and belief, on 12/08/2008, JOEL DAVID HOUSE (the "Borrower"), executed and delivered a promissory note (the "Note") in the principal amount of $303,000.00 which Note is secured by a mortgage or deed of trust (the "Mortgage") on the real property and improvements located at 10323 BACK RUN ROAD, LOUISVILLE, KY 40299 and which was duly recorded on 12/13/2006 in Book/Reel/Liber: 10448 Page/Fotio: 0577 as Instrument No.: DN2006198866 in Jefferson County, a copy of which is attached hereto.
>
> 3. The Company services the Mortgage and Note for DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE, IN TRUST FOR REGISTERED

-20-

HOLDERS OF WAMU ASSET-BACKED CERTIFICATES WAMU SERIES 2007-HE1 TRUST (the "Noteholder") with Select Portfolio Servicing, Inc.[,] as attorney in fact the successor in interest to the original holder of the Note, the current owner of the Note.

4. Though it has conducted a diligent search of the records and files maintained in connection with the Mortgage, the Company has been unable to locate the Note and believes that the Note has been lost, misfiled, misplaced, or destroyed.

5. Upon information and belief, the Noteholder was the owner of the Note when the loss of possession occurred and was entitled to enforce the Note at that time.

6. The records of the Company do not show that the Note was ever released, paid off, satisfied, assigned, transferred, pledged, hypothecated or that the Note was otherwise disposed of by the Company.

7. The Company is aware that the successors in interest, assigns and/or transferees of the original holder of the Note (collectively, the "Owner") may rely upon the statements made in this Affidavit as to the Note having been lost, mislaid, misfiled or destroyed and never having been released, paid off, satisfied, assigned, transferred, pledged, hypothecated or otherwise disposed of by the Company.

8. If the Company should ever locate the Note, the Company agrees to provide the Note to the owner of record of the Property at that time.

9. The Company hereby agrees to indemnify and hold the Borrower harmless from and against any and all losses, damages, penalties, fines, forfeitures, reasonable and necessary legal fees and related costs, judgments, and other costs and expenses resulting from any claim, demand, defense or assertion based upon, or resulting

> from the Company's breach of any covenant, representation or warranty contained in this Affidavit.

Pulsipher Lost Note Affidavit at 2-3.

Pursuant to Paragraph 9 of the Lost Note Affidavit, Select Portfolio agreed to "indemnify" the Houses against "all losses, [and] damages" arising from any representations set forth in such affidavit. Pulsipher stated that Deutsche Bank was the holder of the promissory note and entitled to enforce the promissory note when it was lost. Moreover, Pulsipher averred that the promissory note was not transferred, assigned, or satisfied. The circuit court viewed Paragraph 9 of the Lost Note Affidavit as setting forth adequate protection to the Houses, and we cannot conclude that the circuit court erred by so doing. Consequently, Deutsche Bank has fulfilled the requirements of KRS 355.3-309(2).

## CONCLUSION

Accordingly, we are of the opinion that the circuit court properly rendered summary judgment determining that Deutsche Bank was entitled to enforce the lost promissory note under KRS 355.3-301 and KRS 355.3-309.

For the foregoing reasons, the Amended Judgment and Order of Sale of the Jefferson Circuit Court is affirmed.

ALL CONCUR.

BRIEFS FOR APPELLANTS:  BRIEF FOR APPELLEE:

Vincent F. Heuser, Jr.   Brad S. Keeton
Louisville, Kentucky    Kathryn S. Beck
           Louisville, Kentucky