**Guy HAMILTON–SMITH, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

**No. 2007–CA–002110–MR.**

Court of Appeals of Kentucky.

April 3, 2009.

Ordered Published May 29, 2009.

R. Burl McCoy, Nick Nicholson, Lexington, KY, for appellant.

Jack Conway, Attorney General of Kentucky, Jason B. Moore, Assistant Attorney General, Frankfort, KY, for appellee.

Before ACREE, CLAYTON, and KELLER, Judges.

## OPINION

CLAYTON, Judge.

Guy Hamilton–Smith (Hamilton–Smith) appeals the September 20, 2007, order of the Fayette Circuit Court requiring him to register as a sex offender for a period of twenty years. That requirement constituted part of the sentence imposed upon Hamilton–Smith for his guilty plea to one count of possession of matter portraying sexual performance by a minor. Hamilton–Smith argues that his crime does not qualify him as an eligible sex offender and that he is therefore not required to register as such. Because we hold that the circuit court was correct in its finding that Hamilton–Smith was convicted of a sexual offense requiring him to register, we affirm.

The facts of the case are as follows: Hamilton–Smith was charged with three counts of possession of matter portraying a sexual performance by a minor in violation of Kentucky Revised Statutes (KRS)

531.335. On May 18, 2007, Hamilton–Smith filed a waiver of further proceedings and subsequently entered a guilty plea to one count of the KRS 531.335 violation. The guilty plea was accepted. On June 20, 2007, an order was entered sentencing Hamilton–Smith to five years in prison with probation subject to certain conditions. During his sentencing hearing, Hamilton–Smith was advised by the Court that he would have to register as a sex offender as a result of his conviction. He objected to the registration and the trial court reserved the issue for briefing. The issue was heard before the trial court on September 14, 2007, and the trial court found that Hamilton–Smith was an eligible sexual offender and was therefore required to register as such. This appeal followed.

■ Whether Hamilton–Smith has been convicted of a sexual offense and is required to register as such are questions of law. The standard of review for questions of law is de novo. *Floyd County Bd. of Educ. v. Ratliff,* 955 S.W.2d 921 (Ky.1997).

■ The relevant statute pertaining to sex offender registration is KRS 17.510. It states, in pertinent part, as follows:

[a]ny person who has been convicted in a court of any state or territory . . . of a sex crime **or criminal offense against a victim who is a minor** and who has been notified of the duty to register by that state, territory, or court . . . shall comply with the registration requirement of this section. . . .

KRS 17.510(6) (emphasis added).

A "criminal offense against a victim who is a minor" is defined as:

1. Kidnapping, as set forth in KRS 509.040, except by a parent;

2. Unlawful imprisonment, as set forth in KRS 509.020, except by a parent;

3. Sex crime;

4. Promoting a sexual performance of a minor, as set forth in KRS 531.320;

5. Human trafficking involving commercial sexual activity, as set forth in KRS 529.100;

6. Promoting prostitution, as set forth in KRS 529.040, when the defendant advances or profits from the prostitution of a person under the age of eighteen (18);

7. Use of a minor in a sexual performance, as set forth in KRS 531.310;

8. Sexual abuse, as set forth in KRS 510.120 and 510.130;

9. Unlawful transaction with a minor in the first degree, as set forth in KRS 530.064(1)(a);

10. ***Any* offense involving a minor or depictions of a minor, as set forth in KRS Chapter 531;**

11. Any attempt to commit any of the offenses described in subparagraphs 1. to 10. of this paragraph; and

12. Solicitation to commit any of the offenses described in subparagraphs 1. to 10. of this paragraph.

KRS 17.500(3)(a) (emphasis added).

The definition of "registrant" includes:

(a) Any person eighteen (18) years of age or older at the time of the offense or any youthful offender, as defined in KRS 600.020, who has committed:

1. A sex crime; or

2. **A criminal offense against a victim who is a minor[.]**

KRS 17.500(5) (emphasis added).

Hamilton–Smith primarily argues that he should not have been required to register as a sex offender because he neither qualifies as a "sexual offender" nor a "registrant." The Commonwealth responds that any offense contained in KRS Chapter 531 that involves a minor or depictions of a minor constitutes a criminal offense against a victim who is a minor. The

Commonwealth further argues that Hamilton–Smith's guilty plea to a violation in that chapter places him within the definition of a registrant. We agree with the Commonwealth.

Any person who has been convicted of a "criminal offense against a victim who is a minor" is required to register. KRS 17.510(6). A criminal offense against a victim who is a minor includes "**any** offense involving a minor or depictions of a minor, as set forth in KRS Chapter 531[.]" KRS 17.500(3)(a)(10) (emphasis added). Hamilton–Smith's crime was one involving depictions of a minor as set forth in KRS Chapter 531, making him clearly within the scope of one who is required to register. Furthermore, the statutory definition of a registrant includes one who has committed a "criminal offense against a victim who is a minor." KRS 17.500(3)(a).

The statutes are unambiguous that someone who has committed a criminal offense against a victim who is a minor, including those offenses in KRS Chapter 531, is required to register. Hamilton–Smith's argument that there is no identifiable victim in his crime is without merit. It is clear from the statutes that the very depiction of a minor in material made criminal in KRS Chapter 531 places them within the scope of a victim.

Hamilton–Smith's final argument, that he does not qualify as an eligible sex offender nor would he likely benefit from the program, is misplaced. The portion of the trial court's order which makes such findings pertains to specialized treatment programs for sexual offenders encompassed by KRS Chapter 197. These findings do not pertain to Hamilton–Smith's requirement to register as a sex offender as encompassed by KRS Chapter 17.

Accordingly, we hold that because Hamilton–Smith committed a "criminal offense against a victim who is a minor," he was required to register as a sex offender. Accordingly, the September 20, 2007, order of the Fayette Circuit Court is AFFIRMED.

ALL CONCUR.