RENDERED: NOVEMBER 17, 2023; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2022-CA-1468-MR

MICHAEL DUMAS                                   APPELLANT


            APPEAL FROM MARSHALL CIRCUIT COURT
v.     HONORABLE DAVID C. BUCKINGHAM, SPECIAL JUDGE
               ACTION NO. 09-CR-00118


COMMONWEALTH OF KENTUCKY                APPELLEE


OPINION
AFFIRMING

** ** ** ** **

BEFORE: ACREE, DIXON, AND McNEILL, JUDGES.

ACREE, JUDGE: Appellant, Michael Dumas, appeals the Marshall Circuit Court's September 29, 2022 Order denying his RCr[1] 10.10 motion to correct an alleged clerical error in a final criminal judgment against him. Having reviewed the record, we affirm.

---

[1] Kentucky Rules of Criminal Procedure.

On June 12, 2009, the Commonwealth charged Dumas with four counts of distribution of matter portraying a sexual performance by a minor in violation of KRS[2] 531.340 and three counts of possession of matter portraying a sexual performance by a minor in violation of KRS 531.335. A jury convicted Appellant of all charges, and the court entered a final judgment against Dumas on May 18, 2010. The court sentenced Dumas to a total of twenty years of incarceration. On direct appeal, the Kentucky Supreme Court affirmed the conviction on all substantive grounds. *Dumas v. Commonwealth*, No. 2010-SC-000378-MR, 2011 WL 2112560, at *1 (Ky. May 19, 2011).

Thereafter, Dumas, acting *pro se*, filed a RCr 11.42 motion claiming ineffective assistance of counsel. The circuit court denied this motion, and this Court dismissed his appeal of that order for untimeliness. Then, on September 14, 2021, Dumas filed a motion to amend his final judgment. The final judgment indicated Dumas would be subject to a five-year conditional discharge period after his release from incarceration. Neither KRS 531.340 nor KRS 531.335 permit five-year conditional discharge time after release from prison. The circuit court granted Appellant's motion, believing the error to be a clerical mistake.

Subsequently, Dumas filed the RCr 10.10 motion that is the subject of this appeal. In his motion, Dumas argued he was not required to provide a blood

---

[2] Kentucky Revised Statutes.

sample per KRS 17.170. Further, Dumas argued the judgment should reflect that he must register as a "registrant" and not a "sexual offender" because he was not convicted of a sex crime. The circuit court denied this motion and rejected his arguments. This appeal follows.

> Pursuant to RCr 10.10:
>
> Clerical mistakes in judgments . . . may be corrected by the court at any time on its own initiative or on the motion of any party and after such notice, if any, as the court orders. During the pendency of an appeal, such mistakes may be so corrected before the appeal is perfected in the appellate court, and thereafter while the appeal is pending may be so corrected with leave of the appellate court.

RCr 10.10.

For RCr 10.10 to operate correctly, a key distinction must be made between clerical errors and judicial errors. "Clerical mistakes or errors, as opposed to judicial errors, are 'all errors, mistakes, or omissions which are not the result of the exercise of the judicial function.'" *Machniak v. Commonwealth*, 351 S.W.3d 648, 652 (Ky. 2011) (quoting *Buchanan v. W. Ky. Coal Co.*, 291 S.W. 32, 35 (Ky. 1927)). Thus, the Kentucky Supreme Court emphasized: "[t]he distinction between judicial and clerical errors 'does not depend so much upon the person making the error as upon whether it was the deliberate result of judicial reasoning and determination, regardless of whether it was made by the clerk, by counsel, or by the judge.'" *Id.* (quoting *Buchanan*, 291 S.W. at 35).

An important consequence of determining whether an error is clerical or judicial becomes apparent when considering that "[g]enerally speaking, a trial court lacks power to amend a judgment ten days after the entry of that judgment." *Winstead v. Commonwealth*, 327 S.W.3d 479, 485-86 (Ky. 2010). Therefore, unlike clerical errors, judicial errors are not subject to correction under RCr 10.10. *Id.* at 486. Fatal to Dumas' argument, both alleged errors would be judicial errors. However, we are not convinced the circuit court made any errors at all. Despite this, assuming *arguendo* Dumas did correctly identify errors on his final judgment, the errors are not clerical errors.

He, again, alleges two errors. First, Dumas alleges he does not need to register as a "sexual offender" but rather as a "registrant." Reviewing the final judgment, the judgment requires: "Pursuant to KRS 17.510(2) defendant has been convicted of a sex crime and has been informed of duty to register with the appropriate local Probation and Parole [O]ffice." Nothing in this portion of the judgment indicates whether he must be called a "registrant" or "sexual offender." It solely requires him to register with the proper local authority. Thus, on its face, there is no clerical error of the nature that Dumas complains about.

Further, KRS 17.510(2) states: "A registrant shall, on or before the date of his or her release by the court, the parole board, the cabinet, or any detention facility, register with the appropriate local probation and parole office in

the county in which he or she intends to reside. The person in charge of the release shall facilitate the registration process." KRS 17.510(2). It is without question that, at the time of Dumas' conviction, KRS 17.510(2) required those convicted of violations of KRS 531.335 to register with the appropriate probation or parole board. *See Hamilton-Smith v. Commonwealth*, 285 S.W.3d 307 (Ky. App. 2009) (Appellant required to register as a sexual offender per KRS 17.510(2) after conviction for violating KRS 531.335).

Consequently, no clerical error exists concerning the judgment's requirement that Dumas register as a sexual offender pursuant to KRS 17.510(2).

Second, Dumas argues there exists a clerical error concerning the judgment's requirement that he provide blood for purposes of a DNA sample. The judgment indicates:

> Pursuant to KRS 17.170, it is further ORDERED that the defendant, having been convicted of a felony offense under KRS Chapter 510 (Sexual Offenses) *or* KRS 530.020 (Incest), have a sample of blood taken by the Department of Corrections for DNA law enforcement identification purposes and inclusion in law enforcement identification databases.

(Emphasis added.) Dumas argues he did not commit a sex crime, for purposes of KRS 17.170, because he did not commit a violation found in KRS 510 or KRS 530. Assuming this is an error, on its face, it would appear to be a judicial error rather than a clerical error. The determination to provide a DNA sample would be

-5-

one made through judicial reasoning as KRS 17.170(2)(a) requires Dumas to provide a DNA sample.

Contrary to Dumas' argument, KRS 17.170(2)(a) states: "The following persons shall have a DNA sample collected by authorized personnel: . . . [a]ny person convicted on or after March 27, 2009, of a felony offense under the Kentucky Revised Statutes[.]" KRS 17.170(2)(a). It is without question Dumas' convictions are felonies under Kentucky law. Thus, there is no error concerning whether Dumas must provide a DNA sample. As such, the circuit court did not err when it denied Dumas' motion.

Therefore, having reviewed the record, the circuit court did not err when it concluded there existed no merit to the alleged clerical errors Dumas believed existed in the final judgment against him.

We affirm.


ALL CONCUR.


BRIEF FOR APPELLANT:

Michael Dumas, *pro se*
La Grange, Kentucky

BRIEF FOR APPELLEE:

Daniel Cameron
Attorney General of Kentucky

Courtney J. Hightower
Assistant Attorney General
Frankfort, Kentucky