RENDERED: MAY 1, 2026; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2025-CA-0804-MR

WALSON JOSEPH                                      APPELLANT

v.            APPEAL FROM FAYETTE CIRCUIT COURT
HONORABLE THOMAS L. TRAVIS, JUDGE
ACTION NO. 21-CR-01131

COMMONWEALTH OF KENTUCKY                    APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: COMBS, KAREM, AND McNEILL, JUDGES.

COMBS, JUDGE: Appellant, Walson Joseph (Joseph), appeals his conviction for failure to comply with the sex offender registry (second or greater offense). Joseph challenges the trial court's denial of his motions: (1) to dismiss the indictment and (2) for additional funds to obtain an independent medical expert under KRS[1] Chapter 31. After our review, we affirm.

---

[1] Kentucky Revised Statutes.

## Background

### Fayette Circuit Court No. 12-CR-00107

In January 2012, a Fayette County Grand Jury indicted Joseph for one count of use of a minor in a sexual performance and two counts of distributing obscene material to minors, 1st offense, all occurring on or about June 1, 2011. Joseph subsequently entered a plea of guilty to one count of third-degree unlawful transaction with a minor, two counts of distributing obscene material to minors (first offense), and first-degree bail jumping. On June 10, 2013, the trial court entered Final Judgment and sentenced Joseph to two-years' imprisonment, probated for four years.

### Fayette Circuit Court No. 14-CR-00103

In 2014, Joseph was charged with -- and pled guilty to -- failure to comply with the sex offender registry, first offense. Joseph was sentenced to one year, to run consecutively to any previous felony sentence.

### This Case

### Fayette Circuit Court No. 21-CI-01131

On November 1, 2021, a Fayette County Grand Jury returned an indictment charging Joseph with failure to comply with sex offender registration (second or greater offense).

**Motion to Dismiss Indictment**

On October 5, 2023, Joseph, by counsel, filed a motion to dismiss the indictment. Joseph claimed that "he never had to register as a sex offender" because he did not meet the statutory requirements of the Sex Offender Registration Act (SORA), KRS 17.500 *et seq.*, at the time of his "allegedly registerable offenses."

KRS 17.510 governs registration for adults who have committed sex crimes or crimes against minors. In relevant part, KRS 17.510 (6) requires that any person "convicted . . . of a sex crime or criminal offense against a victim who is a minor and who has been notified of the duty to register by that state, territory, or court . . . shall comply with the registration requirement of this section . . . ."[2]

KRS 17.500 is the definitional statute for SORA. KRS 17.500(5)(a) defines "registrant" as "[a]ny person 18 years of age or older at the time of the offense . . . who has committed: 1. A sex crime; or 2. A criminal offense against a victim who is a minor[.]" KRS 17.500(8) defines "sex crime." KRS 17.500(3)(a) lists the offenses constituting "a criminal offense against a victim who is a minor."

---

[2] SORA has been amended several times. The language quoted above in KRS 17.510(6) is the same language in the version that was in effect at the time of Joseph's offenses and is the same as in the current version. Unless otherwise noted, all references to SORA herein are to the version in effect from March 27, 2009-July 14, 2014.

In his motion, Joseph argued that he had not been convicted of a "sex crime" because the applicable version of KRS 17.500(8) defined "sex crime" as certain felony offenses, and Joseph had pled guilty to misdemeanors (in 2013); furthermore, his charges were not specifically enumerated in that version of statute.

Joseph also argued that "he had not been convicted of a criminal offense against a victim who is a minor" as defined in KRS 17.500. The applicable version of KRS 17.500(3)(a) provided in relevant part that:

> "[C]riminal offense against a victim who is a minor" means any of the following offenses if the victim is under the age of eighteen (18) at the time of the commission of the offense:
>
> . . .
>
> 10. Any offense involving a minor or depictions of a minor, as set forth in KRS Chapter 531[.]

Joseph acknowledged that KRS 17.500(3)(a)10. appeared to apply to his convictions -- two counts of Distributing Obscene Material to Minors in violation of KRS 531.030, which provides as follows:

> (1) A person is guilty of distribution of obscene material to minors when, knowing a person to be a minor, or having possession of such facts that he should reasonably know that such person is a minor, and with knowledge of the content and character of the material, he knowingly:
>
> (a) Sends or causes to be sent; or
>
> (b) Exhibits; or

(c) Distributes, or offers to distribute, obscene material to a minor.

(2) Distribution of obscene materials to minors is a Class A misdemeanor unless the defendant has previously been convicted of violation of this section or of KRS 531.020, in which case it shall be a Class D felony.

However, Joseph argued that the statute did ***not*** apply. Joseph explained that as defined in KRS 17.500(12), "'Victim' has the same meaning as in KRS 421.500[.]" The applicable version of KRS 421.500(1), in effect from July 15, 2008, to June 24, 2013, provided as follows:

> As used in KRS 421.500 to 421.575, "victim" means an individual who suffers direct or threatened physical, financial, or emotional harm as a result of the commission of a crime classified as stalking, unlawful imprisonment, use of a minor in a sexual performance, unlawful transaction with a minor in the first degree, terroristic threatening, menacing, harassing communications, intimidating a witness, criminal homicide, robbery, rape, assault, sodomy, kidnapping, burglary in the first or second degree, sexual abuse, wanton endangerment, criminal abuse, or incest. If the victim is a minor or legally incapacitated, "victim" means a parent, guardian, custodian or court-appointed special advocate.

Joseph asserted that "[b]ecause KRS Chapter 531 offenses are not specifically listed in the 'victim' statute [KRS 421.500(1)], there is no legal victim for Mr. Joseph's Distribution of Obscene Materials to Minors conviction. Even though the conviction is specifically listed in KRS 17.500, there is no 'victim' at all[.]" Joseph reasoned that since this element was not met, he was never legally

required to register under SORA; therefore, the proper remedy was dismissal of the indictment.

By Order entered on January 8, 2024, the trial court denied Joseph's motion and ably addressed the tortuous reasoning underlying the motion:

> The question before the Court is whether the Defendant was legally required to register as a sex offender following his conviction in Case No. 12-CR-00107, for 2 counts of Distributing Obscene Material to Minors 1st Offense. This Court concludes that he was so required.
>
> The Defendant has contested that because KRS Chapter 531 offenses are not specifically listed in the statute which defined the term "victim" at the time the offense occurred, that there is no legal victim for the Distribution of Obscene Material to Minors conviction, which obviates any registry requirement. However to interpret the statute as the Defendant would wish, would be to functionally render elements of the statute incompatible and contradictory. KRS 17.500(3)(a) defines "A Criminal Offense against a minor" as, "any offense involving a minor . . . as set forth in Chapter 531." The Defendant pled guilty under KRS 531.030, which falls within the basket of offenses governed by KRS 531 and therefore triggers the registry requirement under a plain reading of the primary statute. [Noting *Hamilton-Smith v. Commonwealth*, 285 S.W.3d 307, 309 (Ky. App. 2009) ("The statutes are unambiguous that someone who has committed a criminal offense against a minor, including those offenses in KRS 531, is required to register.").]

(Footnotes omitted.) The trial court further held that "by previously pleading guilty to failure to register as a sex offender [in 2014], the Defendant consented

-6-

that he was given proper notice of his duties, and that he has effectively been put on notice as to any future obligations to register."

**Motion for Expert Funding**

On November 22, 2024, at a status hearing, Joseph's counsel made an oral motion for a Kentucky Correctional Psychiatric Center (KCPC) evaluation. By Order entered on November 25, 2024, the court granted the motion and continued the trial to April 28, 2025. By Orders entered on November 26, 2024, the court directed that Joseph be examined by KCPC to assess competency and to assess criminal responsibility.

In late 2024, Joseph's counsel filed an *ex parte* motion for funds to retain the services of a private forensic psychiatrist. As grounds, counsel cited "the principle of providing a level playing field for indigent defendants" and referenced portions of the United States and Kentucky Constitutions guaranteeing citizens equal protection.

On January 9, 2025, the court conducted an *ex parte* hearing on the motion and took the matter under submission.

On January 31, 2025, KCPC sent the results of both the competency and the criminal responsibility evaluations to the court. The competency evaluator indicated that Joseph did not meet the criteria for mental illness or intellectual disability, further opining that Joseph had the capacity to appreciate the nature and

consequences of the proceedings and the capacity to participate rationally in his own defense.

The criminal responsibility evaluator opined that Joseph did not meet the criteria for mental illness or intellectual disability at the time of the alleged offenses, but he could not render an opinion as to whether Joseph had the capacity to appreciate the criminality of his conduct or to conform his conduct to the requirements of law.

On February 18, 2025, the trial court entered an Order denying Joseph's *Ex Parte* Request for Funding as follows in relevant part:

> Per KRS 31.110(1)(b), an indigent defendant is entitled to expert funding if he presents a sufficient showing that the expert is reasonably necessary to the defendant's case. The burden is on the defendant to make a "sufficient showing" of need for the funds. The factors for the Court to determine whether a "sufficient showing" has been made are (1) whether the request was pleaded with specificity; (2) whether funding for the particularize [*sic*] assistance is reasonably necessary; (3) while weighing relevant due process consideration [citing *Benjamin v. Commonwealth*, 266 S.W.3d 775 (Ky. 2008)].

> Joseph has been evaluated by KCPC, who found him to be competent. The KCPC evaluator also concluded that the Defendant "did not meet the criteria for mental illness or intellectual disability at the time of the alleged offense." The evaluation also reported that the Defendant has no history of mental health treatment, and there is no evidence in the record of any prior mental health issues. The Defendant's self-report also did not describe any significant mental health conditions.

Furthermore, there is no specific allegation of what further psychiatric evaluations(s) would reveal about the Defendant's mental health, such as what condition(s) he may have, etc. The Motion for Funds merely states that "the mental health expert's assistance is necessary to provide Mr. Joseph with due process, effective assistance of counsel, and a fair trial . . . ." Therefore it does not meet the specificity requirement.

At this time, there does not seem to be evidence that a mental health expert is reasonably necessary. The KCPC evaluation has indicated that the Defendant does not suffer from mental health conditions. Additionally, the Defendant's mental health and/or competency to stand trial has not previously been raised during this case, including when it was previously set for trial and the Defendant failed to appear. The record does not sufficiently establish that the mental health of the Defendant is "seriously in question."

Based on the foregoing, the Court finds that the Defendant is not entitled to state funding for a mental health expert because he has not presented a sufficient showing that a mental health expert is reasonably necessary. . . .

(Footnotes omitted.)

The case proceeded to trial. On April 29, 2025, the jury found Joseph guilty and recommended a sentence of six years. On June 10, 2025, the trial court entered final judgment sentencing Joseph to six years and ordered that his sentence run consecutively to any other previous felony sentence. Joseph appeals.

**This Appeal**

Joseph's first argument on appeal is that the trial court erred in failing to dismiss the indictment because he was not required to register under SORA. "Whether [a person] has been convicted of a sexual offense and is required to register as such are questions of law. The standard of review for questions of law is de novo." *Hamilton-Smith v. Commonwealth*, 285 S.W.3d 307, 308 (Ky. App. 2009).

Joseph explains that his 2013 convictions for distributing obscene material to minors, first offense under KRS 531.030, are the basis for his "alleged registration requirement." Joseph argues that because he did not commit one of the crimes listed in KRS 421.500(1)[3] defining "victim," his crime was not "against a victim who was a minor." Therefore, he was not required to register at the time he pled guilty, and the 2021 indictment charging him with failure to register is defective. We do not agree.

As the Commonwealth notes, this Court previously "addressed an argument that mirrors Joseph's no-victim argument" in *Hamilton-Smith v. Commonwealth*, *supra.* In that case, Hamilton-Smith pled guilty to one count of possession of matter portraying a sexual performance by a minor in violation of KRS 531.335. On appeal, Hamilton-Smith argued that his crime did not qualify

---

[3] Again, we are referencing the version of the statute that was in effect at the time of this crime.

him as an eligible offender and that, therefore, he could not be required to register[4]. This Court disagreed, holding as follows:

> Any person who has been convicted of a "criminal offense against a victim who is a minor" is required to register. KRS 17.510(6). A criminal offense against a victim who is a minor includes "**any** offense involving a minor or depictions of a minor, as set forth in KRS Chapter 531[.]" KRS 17.500(3)(a)(10) (emphasis added). Hamilton-Smith's crime was one involving depictions of a minor as set forth in KRS Chapter 531, making him clearly within the scope of one who is required to register. Furthermore, the statutory definition of a registrant includes one who has committed a "criminal offense against a victim who is a minor." KRS 17.500(3)(a).
>
> The statutes are unambiguous that someone who has committed a criminal offense against a victim who is a minor, including those offenses in KRS Chapter 531, is required to register. *Hamilton-Smith's argument that there is no identifiable victim in his crime is without merit.* It is clear from the statutes that the very depiction of a minor in material made criminal in KRS Chapter 531 places them within the scope of a victim.

285 S.W.3d at 309 (bold-face emphasis in original, italics added).

---

[4] In his reply brief, Joseph asserts that the Commonwealth misconstrues his argument by analogizing his situation to *Hamilton-Smith v. Commonwealth*, and that "Joseph makes a different argument."

On the contrary, there is a striking congruence between Joseph's argument and the defense asserted in that case. In his appellant's brief, Hamilton-Smith argued that his violation of KRS 531.335 was not an offense that satisfied the definition of victim under KRS 421.500 because it was not one of the crimes enumerated therein. Therefore, the offense to which he pled guilty did not constitute a "crime against a victim who is a minor," and he was not required to register. Brief for Appellant, Guy Padraic HAMILTON-SMITH, Appellant, v. COMMONWEALTH OF KENTUCKY, Appellee, No. 2007-CA-002110-MR, 2008 WL 9692550 at *5-6 (Ky. App. Jan. 7, 2008).

Accordingly, we fully agree with the trial court's analysis in the case before us -- that "to interpret the statute as [Joseph] would wish, would be to functionally render elements of the statute incompatible and contradictory. . . . [Joseph] pled guilty under KRS 531.030, which falls within the . . . offenses governed by KRS 531 and therefore triggers the registry requirement under a plain reading of the primary statute."

Joseph notes "a further problem with his case." He contends that there was no evidence that he was informed of his duty to register in the "statutorily-mandated manner." KRS 17.510(3) (2011) ("Any person required to register pursuant to subsection (2) of this section shall be informed of the duty to register by the court at the time of sentencing if the court grants probation . . . ."). The Commonwealth submits that the argument is not preserved. In his reply brief, Joseph states -- without specific reference to the record -- that the issue was brought to the trial court's attention "in multiple filings." However, the trial court found that by previously pleading guilty to failure to register, Joseph "consented that he was given proper notice of his duties, and . . . has effectively been put on notice as to any future obligations to register . . . ." In light of that finding, we consider Joseph's argument to be properly before us.

Nonetheless, we find this argument to be undeveloped and unpersuasive. *Hill v. Commonwealth*, No. 2015-CA-001384-MR, 2016 WL

-12-

4410083, at *1 (Ky. App. Aug. 19, 2016) ("Hill maintains that he was not sentenced by the trial court to register as a sexual offender, and therefore, does not have to comply. He is mistaken. . . . The requirements apply by operation of law and the judiciary has no authority or discretion to waive them."); *Rollin v. Office of Commissioner/ Dept. of Corrections*, 606 F. Supp. 3d 527, 539 (W.D. Ky. 2022) ("Based on the court's reasoning in *Hill*, [*supra*], this Court finds that the fact that [defendant's] Larue Circuit Court judgment did not designate the registration requirement does not negate his statutory requirement to register as a sex offender . . . .").

Next, Joseph makes a conclusory argument that the trial court erred by denying funds for a mental health expert.

> [T]he appropriate test for determining when an indigent defendant is entitled to receive funding for expert witnesses under KRS 31.110(1)(b), will consider 1) whether the request has been pleaded with requisite specificity; and 2) whether funding for the particularized assistance is "reasonably necessary"; 3) while weighing relevant due process considerations. **Upon review, however, this Court's analysis is limited to whether the trial court has abused its discretion**.

*Benjamin*, *supra*, at 789 (bold-face emphasis added). In *Benjamin*, our Supreme Court held that the trial court did not err in denying a request for expert funding where appellant "had already availed himself of a state psychiatric evaluation and his requests . . . were not pleaded with requisite specificity." *Id.* at 790-91.

-13-

As set forth above, the trial court conducted a hearing on Joseph's *ex parte* motion for funding, applied the appropriate test in ruling on the motion, considered KCPC's findings, and explained in detail the basis for its determination. We conclude that the trial court did not abuse its discretion in denying Joseph's motion for expert funding.

Accordingly, we affirm.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Travis Bewley
Louisville, Kentucky

BRIEF FOR APPELLEE:

Russell Coleman
Attorney General of Kentucky
Frankfort, Kentucky

Joseph Crawford White
Assistant Attorney General
Frankfort, Kentucky